OPINION
{¶ 1} Deborah Sheaff obtained a $3000 default judgment against Michael and Kathleen Conese in the small claims division of the Hamilton Municipal Court. Shortly thereafter, the Coneses filed an "objection to magistrate order" wherein they alleged they were unaware of the hearing wherein Sheaff appeared, presented her case, and obtained the judgment. The trial judge overruled the Coneses' objection and entered judgment against them for $3000, interest, and costs.
 {¶ 2} Although they do not advance an assignment of error, the Coneses claim the trial court (1) erred in overruling their objection because their failure to appear for trial was due to excusable neglect (2) erred in granting default judgment because "it was clear that (they) intended to dispute the claim."
 {¶ 3} The procedural history is as follows:
 {¶ 4} On March 12, 2001, Sheaff filed a small claim complaint against the Coneses asserting "failure to disclose" and seeking damages of $3000, interest, and costs. Service of the complaint and summons was attempted upon the Coneses at Michael Conese's business address and at their residence. Someone at Michael Conese's business signed for the complaint and summons March 15, 2001.
 {¶ 5} The summons contained the following message:
 {¶ 6} "To: MIKE CONESE, CONESE, KATHLEEN
 {¶ 7} "DEBORAH A SHEAFF asks judgment in this court against you for 3000.00 plus interest and costs upon the aforesaid claim.
 {¶ 8} "The court will hold trial on this claim in the Small Claims Courtroom B located in the Hamilton Municipal Court, One Rennaissance Center 345 High Street, Hamilton, OH, 45011 at 10:00 AM on 04-26-01.
 {¶ 9} "If you do not appear at the trial, judgment may be entered against you by default, and your earnings may be subjected to garnishment or your property may be attached to satisfy said judgment."
 {¶ 10} On April 9, 2001, the Coneses filed a motion to dismiss for failure to state a claim or, alternatively, for judgment on the pleadings. The motion was signed by each of the Coneses. On April 26, 2001, the claim came on for evidentiary hearing, as scheduled. Only Sheaff appeared. She presented her case which essentially involved a claim that the Coneses had sold her a house without disclosing the inadequacies of the heating system and the money necessary to correct the problem. During the hearing, the magistrate orally overruled the Coneses' motion (which Sheaff claimed she had not received). After the hearing, the magistrate rendered judgment for Sheaff.
 {¶ 11} On May 8, 2001, the Coneses filed an objection to the magistrate order which stated in its entirety:
 {¶ 12} "Now comes defendants Mike and Kathleen Conese and objects to the Magistrate's Decision on the grounds that a Motion to Dismiss has been filed by Defendants and requests a hearing regarding said Motion. Defendants were not specifically served and therefore were unaware to appear at the subject hearing, and qualifying as excusable neglect.
 {¶ 13} "WHEREFORE, Defendants respectfully requests the Court to grant their Motion to Dismiss or to reschedule a hearing for their Motion and any other matters this Court deems appropriate. There is no prejudice to the Plaintiff for allowing this rescheduling."
 {¶ 14} The objection was supported by the following affidavit by Michael Conese:
 {¶ 15} "(1) I am on [sic] party named as Defendant;
 {¶ 16} "(2) the service referred to by the Magistrate's Decision referred to service that was performed to my office, said service was not actually served to me directly, but to someone in my business in my absence, unfortunately, I was not aware of the date and time of the hearing; and
 {¶ 17} "(3) My wife has not even seen the paperwork on the case and has never been served as the service that was obtained was at my business address.
 {¶ 18} "It was our intention to be fully heard on the matter and that we welcome the opportunity to be heard but no action [sic] actual service had been attained on us and that by filing a Motion to Dismiss something for which we were waiting for determination on our Motion before a trial on our merits."
 {¶ 19} Sheaff responded to the Coneses' objection. On August 31, 2001, the trial court overruled the Coneses' objection and entered judgment as follows:
 {¶ 20} "This matter came before the Court for review of the objection of Defendant to the Magistrate's Decision granting Default Judgment to the Plaintiff. The Court has read the objection filed by the Defendant, Mike Conese, and the response thereto by the Plaintiff. The function of the reviewing Judge is to listen to the evidence, review the pleadings and to review the law as applied by the Magistrate.
 {¶ 21} "The pleadings indicate that service was attempted on both Mike Conese and Kathleen Conese at the place of business of Mike Conese. Had the Defendants done nothing there would have been no service on Kathleen Conese. The proper way to serve her by certified mail would be at her residence. The service would have been good on Mike Conese at his place of business. The filing of the Motion to Dismiss, however, has brought both of the Defendants within the personal jurisdiction of the Court.
 {¶ 22} "The certified mail receipts of both Defendants were signed by someone in Mike Conese's office on March 15, 2001. In the objection filed by Defendant, Mike Conese, he states that they were unaware of the hearing date of April 26, 2001 and that Defendant, Kathleen Conese had not even seen the papers. This is difficult to understand since the Defendants jointly signed and filed a Motion to Dismiss on April 9, 2001.
 {¶ 23} "The Plaintiff presented a significant amount of evidence at the hearing on April 26, 2001 to establish her claim. The rules governing Small Claims Court are relaxed from the regular Civil Rules of Procedure. This is so in order that laymen having claims involving small sums of money can have their cases heard without the necessity of employing an attorney.
 {¶ 24} "This Court is of the opinion that the Defendants have not exhibited a valid defense of excusable neglect and, therefore, is compelled to hold in favor of the Plaintiff in accordance with the Decision rendered by the Magistrate.
 {¶ 25} "It is therefore ordered that Default Judgment be, and the same hereby is, entered in favor of the Plaintiff in the amount of $3000.00 plus costs and interest at the rate of 10% from August 31, 2001."
 {¶ 26} The Coneses first argue that the trial court erred in overruling their objection because their failure to appear for trial was due to their excusable neglect. Their claim of excusable neglect is based on Michael Conese's affidavit assertion that someone in his office accepted service and that he was unaware of the date and time of the trial.
 {¶ 27} We need not determine whether the Coneses made out a case of excusable neglect because the trial court expressly disbelieved their assertion that they were unaware of the trial date because both of them had signed the motion to dismiss that they filed April 9.
 {¶ 28} The Coneses also claim their failure to appear for trial was excusable because they expected a ruling on their motion to dismiss or for judgment on the pleadings before a trial date would be established, citing Civ.R. 12(D). Civ.R. 12(D) provides:
 {¶ 29} "The defenses specifically enumerated (1) to (7) in subdivision (B) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (C) of this rule shall be heard and determined before trial on application of any party." (Emphasis added.)
 {¶ 30} The Coneses did not seek to have their motion to dismiss or for judgment on the pleadings determined before trial and thus cannot claim that they didn't expect a trial to be scheduled until their motion had been ruled on.
 {¶ 31} The Coneses also claim that a default judgment should not have been rendered against them because their April 9, 2001 motion to dismiss or for judgment on the pleadings manifested their intent to contest Sheaff's complaint.
 {¶ 32} They refer to Civ.R. 55(A) in support of their position:
 {¶ 33} "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
 {¶ 34} The Coneses do not contend that Civ.R. 55(A) is dispositive, nor could they. Civ.R. 1(C) provides that "(t)hese rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure . . . (4) in small claims matters under Chapter 1925, Revised Code . . ." R.C. 1925.16 provides:
 {¶ 35} "Except as inconsistent procedures are provided in this chapter or in rules of court adopted in furtherance of the purposes of this chapter, all proceedings in the small claims division of a municipal court are subject to the Rules of Civil Procedure."
 {¶ 36} Small claims procedure under R.C. Chapter 1925 does not have the same procedure for joining the issues prior to trial as do the Rules of Civil Procedure. See generally Civ.R. 7, 8, 12. Indeed, the procedure of the small claims division of the trial court here, which follows the procedure set out in R.C. 1925.05(A), provides that the defendant be informed of the place, date, and time of trial when he or she is served with the small claims complaint. Hence, Civ.R. 55(A) does not apply to small claims procedure. The Coneses have pointed to nothing other than Civ.R. 55(A), nor have we located anything, to the effect that a pending motion by the defendant precludes the small claims court from rendering judgment against a defendant who fails to appear for trial.
 {¶ 37} Again, it must be pointed out that the trial court disbelieved the Coneses' contention that they were unaware of the date, time, and place of the trial.
 {¶ 38} The judgment will be affirmed.
BROGAN, J., and GRADY, J., concur.
Wolff, P.J., Brogan, J., and Grady, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section5(A)(3), Article IV of the Ohio Constitution.